PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2001 Hyundai Elantra struck a hole while they were traveling on 1-79 near the Simpson Creek Bridge in Harrison County. 1-79 is a highway maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 6:30 p.m. on June 3, 2004, a clear and dry day. 1-79 is a four-lane highway that was under construction at the area of the incident involved in this claim. Claimant Lonnie Crites testified that he was driving on 1-79 with traffic all around him, including a tractor trailer passing him on his left, when his vehicle struck the hole. He stated that he could not avoid the hole due to the traffic around him. Mr. Crites stated that the hole was about four or five inches deep. Claimants’ vehicle struck the hole sustaining damage to both front and rear passenger side rims and tires totaling more than their $250.00 insurance deductible.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-79 at the site of the claimant’s accident for the date in question.
Robert Suan, Crew Leader for the respondent in Taylor County at the Lost Creek Office, testified that the bridges were being widened in the area of claimants’ incident around the date of the accident. Mr. Suan stated that respondent’s maintenance crews will patch holes as they see them throughout construction sites. He further stated that respondent’s crews had been out patching holes along 1-79 on June 3,2004, but that due to the traffic a hole could reemerge at any time. Mr. Suan also stated that there were no complaints regarding holes along 1-79 prior to claimant’s incident. Respondent maintains that it had no actual or constructive notice of any holes on I-79.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman w. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In ihe instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of the year in which claimants’ incident occurred leads the Court to conclude that respondent had *37 notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this claim in the amount of $250.00.
Award of $250.00.